UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| GENERAL GEORGE SMALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV412-058 |
| | ) | |
| AL ST. LAWRENCE, and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, currently confined at the Chatham County Detention Center, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 Chatham County conviction for false imprisonment, obstruction of justice, and criminal damage to property. (Doc. 1.) For the following reasons, Smalls' motion to proceed in forma pauperis (doc. 2) is **GRANTED**, but his case should be **DISMISSED**.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate

court of appeals prior to being brought in any district court. *See* 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition).

The record indicates that petitioner previously filed a § 2254 petition in this Court on February 3, 2003, challenging the same conviction he challenges in the instant § 2254 petition. *See Smalls v. Terry*, CV403-024 (S.D. Ga. July 19, 2004). That motion was reached on

the merits but ultimately denied. *Id.*, doc. 16. Accordingly, this is Smalls' second § 2254 petition attacking the same conviction. Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it. Accordingly, the Court should **DISMISS** this petition as successive.[1]

Even if the petition was not successive, Smalls would face an exhaustion issue. He filed a state habeas action in 2006 raising the claims he seeks to raise here, but that petition has yet to be ruled on. (Doc. 1 at 14.) Hence, he hopes to proceed here instead. (*Id.*) Under 28 U.S.C. § 2254(b)(1)(A), however, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See OSullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (Federal habeas relief is available to state prisoners only after they have exhausted their claims in

---

[1] In addition, Smalls' petition is likely untimely. AEDPA amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009).

3

state court.). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). While the Court understands his frustration at the state court delays, Smalls should petition the appropriate Georgia appellate court for mandamus rather than running to federal court with an unexhausted claim. As the Eleventh Circuit explained in a similar situation:

> Upon a review of Georgia civil procedure, it appears that [petitioner] has an available state procedure in which to raise the question he presents in his habeas petition. Georgia law provides that, "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform . . . the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. A writ of mandamus "is an extraordinary remedy that is only available if no other adequate legal remedy exists," *Mayo v. Head*, 280 Ga. 793, 631 S.E.2d 108, 109 (2006), however, the Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion. *Rickett v. State*, 276 Ga. 609, 581 S.E.2d 32, 33-34 (2003). . . . [And] [s]uperior court judges have the duty to enter a ruling, and notify the parties of that ruling, within 90 days, at the latest, from hearing a motion of any nature. *See* O.C.G.A. § 15-6-21. Where a judge has not issued a ruling within the period authorized by statute, "[t]he only remedies for violation of the statute are mandamus and impeachment of the judge." *Brooks v. State*, 265 Ga. 548, 458 S.E.2d 349, 352 (1995).

4

*Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006). Since Smith still may seek mandamus, he has not yet exhausted all state remedies. *Id.*

Since Smalls' petition is successive and contains unexhausted claims, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  27th  day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA